IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALFRED JONES,**

                           **Plaintiff,**

                                                                 CIVIL ACTION
      **vs.**                                                              No. 05-3027-SAC

**STATE OF KANSAS, et al.,**

                           **Defendants.**

### ORDER

Plaintiff, a prisoner incarcerated in Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, proceeds pro se and in forma pauperis on complaint filed under 42 U.S.C. 1983. By an order dated February 8, 2005, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.[1] Having reviewed plaintiff's response, the court finds the complaint should be dismissed because plaintiff's allegations state no claim upon which relief can be granted under 42 U.S.C. 1983.

Plaintiff seeks declaratory judgment and damages for the

---

[1] The court also questioned whether plaintiff's allegations of misconduct occurring more than two years before his filing of the complaint were barred by the two year statute of limitations. See Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. 1983). Because the court finds the complaint should be dismissed as stating no claim for relief, it does not address or decide whether relief on any of plaintiff's claims might be time barred.

alleged violation of his rights under the Eighth Amendment.[2] The defendants named in the complaint are: the State of Kansas; Roger Werholtz, Secretary of the Kansas Department of Corrections (KDOC); L.E. Bruce, HCF Warden; Correct Care Solutions (CCS); Nurse Janet Myers, HCF Administrator for CCS; Dr. Watson, Prison Health Services, the former health care provider for KDOC.

To allege a valid claim under 42 U.S.C. 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Here, plaintiff alleges he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment by defendants' deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff alleges that defendants misdiagnosed and ignored plaintiff's need for medical treatment for his right knee, and that delay in obtaining surgery for that knee resulted in more extensive damage to his knee due to a degenerative condition discovered during that surgery. The crux of plaintiff's allegations center on an August 2001 x-ray taken by Dr. Jones, a consulting outside physician. Plaintiff states Dr. Jones recommended surgery for the right knee, but prison medical staff

---

[2] Plaintiff also seeks relief under Kansas statutes concerning the duty of wardens, K.S.A. 75-5252, and the care and treatment of state prisoners, K.S.A. 75-5210. Because the court finds no cognizable Eighth Amendment claim is stated for establishing federal jurisdiction under 42 U.S.C. 1983, the court declines to exercise pendent jurisdiction for consideration of plaintiff's state law claims. See 28 U.S.C. 1367(c)(3)(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

evaluated the x-ray and plaintiff's medical condition and concluded surgery was not needed at that time.  Plaintiff states his condition deteriorated significantly since 2001, and cites his filing of a grievance in March 2004 asking for medical attention to his knee pain.  Plaintiff complains the HCF Warden and KDOC Secretary accepted the response by Nurse Meyers to plaintiff's grievance, and found adequate medical attention was being provided.  Dr. Jones again saw plaintiff in March 2004, and performed surgery on plaintiff's right knee in May 2004.  During that surgery, Dr. Jones discovered that plaintiff had a rare degenerative condition that had caused damage since 2001.

Plaintiff essentially claims prison medical staff, including Nurse Meyers, were negligent in their reading of the 2001 x-ray in light Dr. Jones's assessment and recommendation, and argues the degenerative condition discovered during the May 2004 surgery could and should have been discovered and addressed earlier with less resulting damage.

However, the "deliberate indifference" required for an actionable Eighth Amendment claim requires a showing that a defendant "knows of and disregards an excessive risk to inmate health or safety."  <u>Garrett v. Stratman</u>, 254 F.3d 946, 949 (10th Cir. 2001).  A "serious medical need" is objectively established by proof the inmate's condition "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   <u>Id</u>.(quotations and citations omitted).  The subjective component of "deliberate indifference" is established

3

where "the prison official both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.(quotation and citations omitted).

Significantly, "accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). A difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment does not rise to the level of a constitutional violation. Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). The same is true for disagreements between medical professionals regarding appropriate treatment. *See e.g.,* Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990)(rejecting prisoner's allegation of deliberate indifference where doctor would not prescribe medications recommended by a different doctor); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)(difference of medical opinion as to treatment of prisoner did not establish constitutional violations). While the judgment of medical personnel which results in the deprivation of medical treatment may give rise to an action in tort for malpractice or negligence, it does not rise to an actionable constitutional claim. Estelle, 429 U.S. at 106.

Applying these constitutional standards, the court finds plaintiff's allegations are insufficient to make an Eighth Amendment showing of "deliberate indifference." The medical

4

treatment provided after plaintiff filed an administrative grievance, and the administrative responses thereto from the Warden and Secretary, clearly bespeak no deliberate indifference to plaintiff's medical needs where plaintiff received an outside evaluation and surgery shortly thereafter. To any extent plaintiff's claims dating back to 2001 against specific medical staff and medical providers might be timely filed, plaintiff's allegations reflect at most negligence or honest disagreement over the medical treatment provided, but neither are sufficient to establish deliberate indifference by any defendant. Although the degeneration in plaintiff's right knee might not have been as advanced if detected and treated earlier, the fact that the degenerative condition was not even detected until the 2004 surgery undermines plaintiff's claim that defendants were deliberately indifferent to an obvious medical need. *See* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(to establish requisite deliberate indifference, plaintiff must show that "that defendant(s) knew he faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it'")(*quoting* Farmer v. Brennan, 511 U.S. 825, 847 (1994)).

Accordingly, the court thus concludes the complaint should be dismissed as stating no claim for relief. 28 U.S.C. 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

5

**IT IS SO ORDERED.**

DATED:  This 26th day of August 2005 at Topeka, Kansas.

 s/ Sam A. Crow           
SAM A. CROW
U.S. Senior District Judge
